IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTELA VARELA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LL CONTINENTAL, INC. F/K/A VPET USA, INC.,<br><br>Defendant. | Case No. 1:22-cv-01918<br><br>Hon. Edmond E. Chang<br>Courtroom 2119 |

## AMENDED CLASS ACTION COMPLAINT

Plaintiff Estela Varela, individually and on behalf of all other persons similarly situated, by her undersigned attorneys, as and for her Amended Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Defendant LL CONTINENTAL, INC. F/K/A VPET USA, INC. ("VPET" or "Defendant"), alleges on personal knowledge, due investigation of her counsel, and, where indicated, on information and belief as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing, using, disclosing, and redisclosing her and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to collectively at times as "biometrics") without first developing the

---

[1] A "biometric identifier" is any personal feature that is biologically unique to an individual, such as retina or iris scans, fingerprints, and scans of hand or face geometry. 740 ILCS 14/10.

[2] "Biometric information" is any information based on a person's biometric identifier used to identify an individual. 740 ILCS 14/10.

requisite data retention and destruction policies, making the required disclosures, and obtaining prior informed written consent, in direct violation of BIPA.

2. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/15(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3. In recognition of these concerns over the security of individuals' biometrics the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity like Defendant may not obtain and/or possess an individual's biometrics unless it informs that person in writing that biometric identifiers or information will be collected or stored. *See* 740 ILCS 14/15(b).

4. The BIPA further requires that entities collecting biometrics must inform those persons in writing of the specific purpose and length of term for which such biometric identifiers or biometric information are being collected, stored and used. *See id.*

5. Moreover, entities collecting biometrics must develop and comply with a publicly-available written retention schedule and guidelines for permanently destroying biometrics collected. *See* 740 ILCS 14/15(a).

6. BIPA also prohibits private entities like Defendant from disclosing, redisclosing, or otherwise disseminating an individual's Biometrics unless: (1) the individual consents to the disclosure or redisclosure before it occurs; (2) the disclosure or redisclosure completes a financial transaction the individual requested or authorized; (3) the disclosure or redisclosure is required by

State or federal law or municipal ordinance; or (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction. *See* 740 ILCS 14/15(d).

7. Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information. *See* 740 ILCS 14/15(c).

8. Finally, the entity is expressly prohibited from selling, leasing, trading or otherwise profiting from an individual's biometrics. *See* 740 ILCS 15/15(c).

9. In direct violation of each of the foregoing provisions of §§ 15(a), 15(b) and 15(d) of BIPA, Defendant collected, stored, used, disclosed, and redisclosed—without first providing notice and the required information, obtaining informed written consent or publishing data retention and destruction guidelines—the fingerprints and associated personally identifying information of hundreds of its employees (and former employees), who were required to "clock in" and "clock out" using their fingerprints.

10. This practice of requiring employees to "clock in" and "clock out" of each work shift and break using their fingerprints was in place at least since approximately the January 2019.

11. Plaintiff left Defendant's employ in approximately July 2019 and was "clocking in" and "clocking out" using her fingerprints during her tenure of employment with Defendant.

12. If Defendant's database of digitized fingerprints were to fall into the wrong hands, by data breach or otherwise, the employees to whom these sensitive and immutable biometric identifiers and/or biometric information belong could have their identities stolen, among other serious issues.

13. BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after termination of their employment.

14. Despite BIPA having been the law for more than a decade, Defendant never adequately informed Plaintiff or the Class of its biometric collection practices, never obtained the requisite written consent from Plaintiff or the Class regarding its biometric practices, and never provided any data retention or destruction policies to Plaintiff or the Class.

15. Plaintiff brings this action to prevent Defendant from further violating the privacy rights of Illinois residents, and to recover statutory damages for Defendant's unauthorized collection, storage, use, and disclosure of these individuals' biometrics in violation of BIPA.

## PARTIES

16. Plaintiff is, and has been at all relevant times, a resident and citizen of Illinois.

17. Defendant LL CONTINENTAL, INC. F/K/A VPET USA, INC. is a corporation organized under the laws of California and, at all relevant times, doing business in Will County, Illinois within a facility located at 61 Paragon Drive, Romeoville, Illinois.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because this is a class action in which at least one member of the proposed class of plaintiffs is a citizen of a State different from Defendant within the meaning of 28 U.S.C. § 1332(d), and the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

19. This Court has personal jurisdiction over Defendant because the biometrics that give rise to this lawsuit were (1) collected by Defendant at facilities in Illinois, (2) stored by Defendant at facilities in Illinois, and (3) used by Defendant at facilities in Illinois.

20. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because this is the district in which a substantial part of the events and omissions giving rise to the claims occurred, and pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district within the meaning of 28 U.S.C. § 1391(c)(2).

## FACTUAL BACKGROUND

**I.  Illinois' Biometric Information Privacy Act.**

21. In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers and/or biometric information, unless it first:

> (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

22. Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying

> biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

23. As alleged below, Defendant's practices of collecting, storing and using individuals' biometric identifiers (specifically, fingerprints) and associated biometric information without prior informed written consent violated BIPA § 15(b). And Defendant's failure to develop a publicly-available written policy establishing Defendant's retention schedule and guidelines for the permanent destruction of individuals' biometric identifiers and biometric information, and Defendant's failure to permanently destroy those biometric identifiers and information within the required timeframes, violated BIPA § 15(a).

**II.     Defendant Violated Illinois' Biometric Information Privacy Act.**

24. Unbeknown to the average person, and in direct violation of § 15(b)(1) of BIPA, Defendant scanned, collected, and stored in an electronic database, digital copies of each employee's fingerprints during the employee onboarding process from at least approximately January 2019 to at least approximately July 2019, and on each occasion an employee clocks in or out of one of Defendant's Illinois-based facility – all without ever informing anyone of this practice in writing.

25. In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, from at least approximately January 2019 to at least approximately July 2019, Defendant never informed Illinois employees who had their fingerprints collected of the specific purpose and length of time for which their biometric identifiers or information would be collected, stored and used, nor did Defendant obtain a written release from these individuals.

26. In direct violation of § 15(a) of BIPA, from at least approximately July 2019, Defendant did not have written, publicly available policies identifying its retention schedules or guidelines for permanently destroying any of these biometric identifiers or biometric information, and Defendant did not permanently destroy their biometric identifiers and biometric information within the statutorily-mandated timeframes.

### III. Plaintiff Estela Varela's Experience.

27. Plaintiff began working for Defendant in or around January 2019.

28. During the course of Plaintiff's employment, Defendant required Plaintiff to place her fingers on a fingerprint scanner, at which point Defendant scanned and collected, and stored in an electronic database, digital copies of Plaintiff's fingerprints.

29. Plaintiff worked for Defendant until approximately July 2019. During her employment tenure, Plaintiff was required to place her fingers on a fingerprint scanner, which scanned, collected and stored her fingerprints each time she "clocked" in and out as part of the timekeeping system.

30. Then, upon information and belief, Defendant's fingerprint matching technology compared Plaintiff's scanned fingerprint against the fingerprint and/or biometric information previously stored in Defendant's or a third-party's fingerprint database.

31. On each occasion of "clocking in," Plaintiff was granted access to Defendant's facility in order to begin work.

32. Upon her leaving Defendant's employ in or around July 2019, Plaintiff's fingerprints and biometric information Defendant collected was no longer necessary in order for her to "clock" in or out of work at Defendant's facility.

33. Defendant, however, did not permanently destroy Plaintiff's fingerprints and biometric information upon her leaving Defendant's employ in or around July 2019.

34. Plaintiff never consented, agreed or gave permission—written or otherwise—to Defendant for the collection, storage, disclosure, or redisclosure of her unique biometric identifiers or biometric information.

35. Further, Defendant never provided Plaintiff with, nor did she ever sign, a written release allowing Defendant to collect, store, or use her unique biometric identifiers or biometric information.

36. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of her unique biometric identifiers and/or biometric information.

37. By collecting, storing, using, and disclosing Plaintiff's unique biometric identifiers and biometric information without her consent, written or otherwise, Defendant invaded Plaintiff's statutorily-protected right to privacy in and control over her biometrics.

38. Finally, Defendant never provided Plaintiff with a retention schedule and/or guideline for permanently destroying her biometric identifiers and/or biometric information.

## CLASS ALLEGATIONS

39. **Class Definition:** Plaintiff brings this action on behalf of a class of similarly situated individuals, defined subject to amendment as follows (the "Class"):

> All individuals who, while residing in the State of Illinois, had their fingerprints or biometric information collected, captured, received or otherwise obtained, and/or stored, and/or disclosed, redisclosed or otherwise disseminated, by Defendant.

40. **Numerosity:** The number of persons within the Class is substantial, believed to amount to hundreds of persons. It is, therefore, impractical to join each member of the Class as a

named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

41. **Commonality and Predominance:** This action involves well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

(a) whether Defendant collected or otherwise obtained Plaintiff's and the Class' biometric identifiers and/or biometric information;

(b) whether Defendant possessed the Class members' biometric identifiers or biometric information;

(c) whether Defendant disclosed, redisclosed, or otherwise disseminated the Class members' biometric identifiers or biometric information;

(d) whether Defendant properly informed Plaintiff and the Class that it collected, used, stored, disclosed, and redisclosed their biometric identifiers and/or biometric information;

(e) whether Defendant obtained a signed written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and each Class members' biometric identifiers and/or biometric information;

(f) whether Defendant received prior informed consent to disclose or redisclose the Class members' biometric identifiers or biometric information;

(g) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information

        has been satisfied or within 3 years of their last interaction, whichever occurs first;

(h) whether Defendant complied with any such written policy;

(i) whether Defendant permanently destroyed the Class members' biometric identifiers and biometric information;

(j) whether Defendant used Plaintiff's and the Class' biometric identifiers and/or biometric information to identify them;

(k) whether Defendant violated BIPA; and

(l) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

42. **Adequate Representation:** Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor her counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims or the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class, additional claims as may be appropriate, or to amend the Class definition.

43. **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay

and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

**COUNT I – FOR DAMAGES AGAINST DEFENDANT**
**VIOLATION OF 740 ILCS 14/15(a) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE**

44. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45. BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

46. Defendant failed to comply with either of these BIPA mandates.

47. Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

48. Plaintiff is an individual who had her "biometric identifiers" and/or "biometric information" possessed by Defendant, as explained in detail in above. *See* 740 ILCS 14/10.

49. Plaintiff's biometric identifiers and/or biometric information were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

50. Defendant failed to provide a publicly-available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

51. Upon information and belief, Defendant lacked retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data.

52. Defendant did not permanently destroy Plaintiff's and the Class members' biometric identifiers and biometric information within the required timeframe. *See* 740 ILCS 14/15(a).

53. By failing to destroy Plaintiff's and the Class members' biometric identifiers and biometric information, Defendant unlawfully retained their Biometrics.

54. On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**COUNT II – FOR DAMAGES AGAINST DEFENDANT**
**VIOLATION OF 740 ILCS 14/15(b) – FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION**

55. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

56. BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity

to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b) (emphasis added).

57. Defendant failed to comply with these BIPA mandates.

58. Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

59. Plaintiff and the Class are individuals who have had their "biometric identifiers" and/or "biometric information" collected and/or captured by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

60. Plaintiff's and the Class's biometric identifiers and/or biometric information were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

61. Defendant systematically and automatically collected, captured, used, and stored Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the signed written release from each of them required by 740 ILCS 14/15(b)(3).

62. Defendant never informed Plaintiff, and never informed any member of the Class, at least not prior to July 2019, in writing that their biometric identifiers and/or biometric information were being collected, captured, stored, and/or used, nor did Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric

identifiers and/or biometric information were being collected, stored, and used as required by 740 ILCS 14/15(b)(1)-(2).

63. By collecting, capturing, storing, and/or using Plaintiff's and the Class's biometric identifiers and/or biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to maintain the privacy of and control over their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

64. On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Estela Varela, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, (or on behalf of any other class the Court deems appropriate);

B. Appointing Plaintiff as representative of the Class, and appointing her counsel as Class Counsel;

C. Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq*.;

D. Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

E. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, requiring Defendant to comply with BIPA's requirements for the collection, storage, use, possession, disclosure, redisclosure, and other dissemination of biometric identifiers and biometric information, and to permanently destroy all copies of Plaintiff's and the Class members' biometric identifiers and biometric information to the extent they have not already been permanently destroyed;

F. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

G. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

H. Awarding such other and further relief as equity and justice may require.

Dated: April 26, 2022

        Respectfully submitted,

        ESTELA VARELA, individually and on behalf of all others similarly situated, Plaintiffs

        s/ *Gary M. Klinger*
        Gary M. Klinger
        MILBERG COLEMAN BRYSON
        PHILLIPS GROSSMAN, PLLC
        227 W. Monroe Street, Suite 2100
        Chicago, IL 60606
        Tel: 866.252.0878
        E-Mail: gklinger@milberg.com
        *Attorneys for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 26, 2022, I caused a copy of the foregoing Amended Complaint to be served upon all counsel of record via electronic filing using the CM/ECF system.

    /s/ Gary M. Klinger